IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| WANDA KAY STEWART, ) | |
| ) | |
| Plaintiff, ) | Case No. 2010-CV-161 |
| ) | |
| v. ) | |
| ) | |
| BILL R. JENNINGS, JR. d/b/a ) | |
| B&L CONSTRUCTION CO. and ) | |
| AUTO-OWNERS INSURANCE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Wanda Kay Stewart ("Plaintiff"), by and through counsel, for her causes of action against the Defendants, Bill R. Jennings, Jr. d/b/a B&L Construction Co. and Auto-Owners Insurance, alleges and says as follows:

### I. PARTIES.

1. Plaintiff lives and resides at 3918 Holly Hill, Cleveland, Tennessee 37312.

2. Defendant Bill R. Jennings, Jr., previously doing business as B&L Construction Co., is a resident of Bradley County, Tennessee. He resides at 6211 Blue Springs Road, Cleveland, Tennessee 37311.

3. Auto-Owners Insurance is, upon information and belief, a corporation with its principal place of business at 6101 Anacapri Blvd., Lansing, Michigan 48917.

4. This is a dispute arising out of construction at 3918 Holly Hill, Cleveland, Tennessee.

### II. FACTUAL ALLEGATIONS.

5. Defendant Jennings, doing business as B&L Construction Co., built a residence on the property located at 3918 Holly Hill, NW, Cleveland, Tennessee 37312 (the "Property").

7158954_1.DOC

EXHIBIT A

6. On November 27, 2006, Defendant Jennings sold the Property to the Plaintiff as evidenced by the Warranty Deed attached hereto as Exhibit A.

7. On September 26, 2009, a retaining wall on the Property built in the course of construction fell causing significant damage both to the home and the surrounding property

8. Prior to September 26, 2009, Plaintiff observed no defects which could give rise to this incident.

9. Based upon representations of both Defendant Jennings and Defendant Auto-Owners, Auto-Owners provided insurance coverage to Defendant Jennings and B&L Construction at the time of construction and sale of the Property.

10. Plaintiff has contacted both the Defendant Jennings and Defendants Auto-Owners Insurance in an attempt to address the damages to the Property.

11. At present, Defendants have failed to take affirmative steps to compensate the Plaintiff for damage to the Property.

12. Plaintiff has already begun repairs to the property arising from the retaining wall. It is expected these repairs, upon completion, will cost in excess of $80,000.

## COUNT I

13. Plaintiff incorporates by reference the allegations Paragraphs 1 through 13 of the Complaint as if set forth fully herein.

14. In performing construction on the Property and the residence located thereon, Defendant Jennings impliedly warranted that the construction was performed in a workman-like manner, so as to meet the standard of workman-like quality in effect at the time and place of construction.

15.  Defendant Jennings has breached this implied warranty by, among other things, utilizing improper materials and workmanship that failed to conform to the standard of workman-like quality in effect at the time of construction, giving rise to the damage to the Property as addressed herein.

16.  As a result of Defendant Jennings' breach of warranty, Plaintiff has suffered damages in an amount to be shown at trial.

## COUNT II
### NEGLIGENCE AGAINST DEFENDANT JENNINGS

17.  Plaintiff incorporates by reference the allegations Paragraphs 1 through 16 of the Complaint as if set forth fully herein.

18.  Defendant Jennings had a duty to use reasonable care in the construction of the Property.

19.  Defendant Jennings breached this duty through faulty construction at the Property.

20.  Defendant Jennings' negligence was the proximate cause of the damage to the Property.

21.  Plaintiff has suffered damages as a result of Defendant Jennings' negligence in an amount to be shown at trial.

## COUNT III
### THIRD-PARTY BENEFICIARY AGAINST DEFENDANT AUTO-OWNERS

22.  Plaintiff incorporates by reference the allegations Paragraphs 1 through 21 of the Complaint as if set forth fully herein.

23. Based upon representations of Defendant Jennings and Defendant Auto-Owners Insurance, Auto-Owners provided insurance to Defendant Jennings under the name B&L Construction Co.

24. Upon information and belief, Auto-Owners coverage of Defendant Jennings and B&L Construction Co. was in effect at the time of construction and sale of the Property.

25. Upon information and belief, under this policy, Auto-Owners provided coverage for construction claims against Defendant Jennings and B&L Construction Co.

26. Those asserting certain claims against Defendant Jennings and/or B&L Construction arising from construction, are intended third-party beneficiaries to the contract between Defendant Jennings and Defendant Auto-Owners.

27. As Plaintiff has made a claim covered by the policy, Plaintiff is an intended third-party beneficiary to the contract between Defendant Jennings and Defendant Auto-Owners.

28. Therefore, Plaintiff is entitled to recover from Auto-Owners any and all amounts arising from damage to the Property.

**WHEREFORE**, Plaintiff prays as follows"

1. That process be issued and served upon Defendants to require them to answer or otherwise respond to this Complaint within the time provided by law;

2. That Plaintiff be awarded all damages deemed appropriate in this matter; and

3. That Plaintiff have such further and additional relief to which it may be justly entitled.

7158954_1.DOC

4

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/ William A. Harris, III
William A. Harris, III
B.P.R. #020363
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
*Attorneys for Plaintiff*

Contractor
Bill Jennings

06-15435F
This Instrument Was Prepared By:
   Title Insurance Company
   302 Mouse Creek Road NW
   Cleveland, Tennessee 37312

| Address of New Owner: | Send Tax Bills To: | Map Parcel Number |
|---|---|---|
| Wanda Kay Stewart | SAME | 033K-D-052.00 |
| 3918 Holly Hill NW | | |
| Cleveland, TN 37312 | | |

## WARRANTY DEED

For and in consideration of the sum of Ten and No/100 ($10.00) Dollars, cash in hand paid by the hereinafter named Grantee, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **Bill R. Jennings, Jr. and wife, Lisa D. Jennings,** hereinafter called the Grantor, has bargained and sold, and by these presents does transfer and convey unto Wanda Kay Stewart, hereinafter called the Grantee, her heirs and assigns, a certain tract of land in BRADLEY County, Tennessee, described as follows:

Lot One Hundred Twenty-six (126) Lenox Hills, Phase IV, as shown by plat of record in Plat Book 8, page 20, in the Register's Office of Bradley County, Tennessee.

Being the same real estate conveyed to Bill R. Jennings, Jr. and wife, Lisa D. Jennings by Warranty Deed from Alex P. Solovyev and wife, Galina C. Solovyev, dated April 19, 2005 and recorded in Book 1528, page 354 in the Register's Office of Bradley County, Tennessee.

SUBJECT to any governmental zoning and/or subdivision ordinance or regulation in effect thereon.
SUBJECT to restrictions, conditions, reservations, easements and stipulations as set forth in instrument of record in Misc. Book 225, page 482 in the Register's Office of Bradley County, Tennessee
SUBJECT to thirty (30) foot Colonial Pipeline Easement as set forth in instrument of record in Misc. Book 66, page 263, and amended to Forty (40) foot Easement in instrument of record in Book 1278, page 36 in the Register's Office of Bradley County, Tennessee
SUBJECT to fifteen (15) foot utility easement on lot lines abutting all roads as noted on recorded plat.
SUBJECT to ten (10) foot utility easement on all exterior lot lines as noted on recorded plat.
SUBJECT to five (5) foot utility easement on all interior lot lines as noted on recorded plat.
SUBJECT to building setback lines as shown on recorded plat.
SUBJECT to all notes, drainage and/or utility easements, and building setback lines as set out on recorded plat.

TAXES for the year 2006 are to be assumed by the Grantors and Grantees herein.

TO HAVE AND TO HOLD said tract of land, with the appurtenances, estate, title and interest thereto belonging to said Grantee, her heirs and assigns, forever; and Grantor does covenant with said Grantee that Grantor is lawfully seized and possessed of said land in fee simple, has a good right to convey it, and the same is unencumbered, except as otherwise herein set out. Grantor does further covenant and bind himself, his heirs and representatives, to warrant and forever defend the title to said land to said Grantee, her heirs and assigns, against the lawful claims of all persons whomsoever

THIS DEED WAS PREPARED FROM INFORMATION PROVIDED BY THE PARTIES HEREIN. PREPARER MAKES NO REPRESENTATION AS TO THE ACCURACY OF SAID INFORMATION OR TO THE TITLE OF THE HEREIN REFERENCED PROPERTY.

EXHIBIT A

WITNESS my hand this the 27th day of November, 2006.

*(signature)*
Bill R. Jennings, Jr., Individually and
As Attorney in Fact for Lisa D. Jennings

*(signature)*
Lisa D. Jennings, by and through my
Attorney in Fact Bill R. Jennings, Jr.

STATE OF Tennessee
COUNTY OF Bradley

Personally appeared before me, the undersigned, a notary public of said county and state, Bill R. Jennings, Jr. individually and as Attorney in Fact for, Lisa D. Jennings, the within named bargainor(s), with whom I am personally acquainted or who was proved to me on the basis of satisfactory evidence, and who acknowledged that such person(s) executed the within instrument for the purposes therein contained.

Witness my hand, at office, this the 27th day of November, 2006.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES MARCH 10, 2008
My Commission Expires

STATE OF Tennessee
COUNTY OF Bradley

The actual consideration or value, whichever is greater, for this transfer is $247,500.00.

_____
AFFIANT

Subscribed and sworn to before me, this the 27th day of November, 2006.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES MARCH 10, 2008
My Commission Expires