UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WANDA KAY STEWART, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BILL R. JENNINGS, JR. d/b/a B & L ) <br> CONSTRUCTION CO. and AUTO-OWNERS ) <br> INSURANCE, ) <br> ) <br> Defendants. ) | Case No. 1:10-CV-158 <br><br> Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is a motion to remand to the Chancery Court of Bradley County, Tennessee and accompanying memorandum filed by Plaintiff Wanda Stewart ("Plaintiff") (Court File Nos. 6, 7). Defendant Owners Insurance Company[1] ("Owners") filed a response (Court File No. 8), to which Plaintiff replied (Court File No. 9). For the following reasons, the Court will **GRANT** Plaintiff's motion (Court File No. 6).

## **I. RELEVANT FACTS**

This case involves a dispute over construction at 3918 Holly Hill, Cleveland, Tennessee, where Plaintiff currently resides. Defendant Bill Jennings ("Jennings"), doing business as B & L Construction Company, built a residence and sold it to Plaintiff in November 2006 (Court File No. 1-1 at ¶¶ 5-6). In September 2009, a retaining wall constructed on this property fell and caused more than $80,000 worth of damage to both the home and surrounding property (*id.* at ¶¶ 7, 12). Owners provided insurance coverage to Jennings during the time of the construction and sale of the

---

[1] Improperly named as Auto-Owners Insurance Company in the Complaint.

property (*id.* at ¶ 9).

Plaintiff filed a complaint against Jennings and Owners in the Chancery Court of Bradley County, Tennessee, asserting causes of action for breach of warranty and negligence against Jennings and to recover any amounts due Plaintiff as a third-party beneficiary to any contracts between Owners and Jennings (Court File No. 1-1). Plaintiff and Jennings are residents of Tennessee and Owners is a Michigan corporation with its principal place of business in Lansing, Michigan. Owners removed the case to this Court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441 (Court File No. 1). In its notice of removal, Owners acknowledges the lack of complete diversity, however, contends federal jurisdiction is proper because Jennings was fraudulently joined (Court File No. 1, p. 2). In support of this contention, Owners attaches an excerpt from Schedule F of Jennings's bankruptcy petition, which lists Plaintiff as an unsecured creditor and a copy of the discharge of debtor issued on January 27, 2009 (Court File Nos. 1-2, 1-3).

Plaintiff filed the instant motion to remand based on lack of subject-matter jurisdiction and claims Jennings is a proper and necessary party for the determination of liability.

## II. **STANDARD OF REVIEW**

A defendant may remove any civil action filed in state court to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court. 28 U.S.C. § 1441. The removing party bears the burden of establishing removal was proper. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). When an action is removed based on diversity, federal jurisdiction

attaches "only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). However, fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. To prove fraudulent joinder, the removing party must demonstrate "a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

A defendant removing a case to federal court on the basis of diversity of citizenship jurisdiction has the burden of proving these jurisdictional requirements exist at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The removal statute is construed strictly and narrowly against removal. *Her Majesty the Queen*, 874 F.2d at 339. If doubt exists as to the propriety of removal, the case should be remanded to state court. *Smith v. Nationwide Prop. & Casualty Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

### III. DISCUSSION

In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). If a case does not involve a federal question, complete diversity of citizenship must exist between the parties and the amount in controversy must exceed $75,000 for the federal court to have subject matter jurisdiction. 28 U.S.C. § 1332; *see U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Plaintiff's complaint alleges damages to the property "in excess of $80,000" (*see* Court File No. 1-1, ¶ 12) and therefore satisfies the amount- in-controversy requirement. However, Plaintiff and Jennings are both citizens of Tennessee and thus the complete diversity requirement is not met.

3

A fraudulently joined defendant's citizenship should be disregarded when determining whether the federal court has diversity of citizenship jurisdiction over the subject matter. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Therefore, the question the Court must decide is whether Jennings was fraudulently joined, thus allowing his citizenship to be disregarded.

Owners allegation of fraudulent joinder is based on the discharge of Jennings's debt to Plaintiff in his prior Chapter 7 bankruptcy proceeding, *In re Bill Rae Jennings Jr.*, 1:08-bk-15917 (Bank. E.D. Tenn. Jan. 27, 2009). In its notice of removal, Owners asserts the instant action violates the automatic stay provision of the United States Bankruptcy Code and any claims by Plaintiff against Jennings have been discharged (Court File No. 1, p. 3). Plaintiff counters her claims are not in violation of the Bankruptcy Code as she is not seeking monetary recovery from Jennings. Rather, "Plaintiff seeks a determination as to Defendant Jennings'[s] liability allowing her to recover her damages" from Owners (Court File No. 7, p. 4).

The Court finds Plaintiff's stated cause of action against Jennings is not precluded by Jennings's discharge in bankruptcy. Although Jennings's personal liability is extinguished, Plaintiff still may "proceed against a debtor in order to determine liability for the purposes of collecting from a third party." *In re Patterson*, 297 B.R. 110, 113 (Bankr. E.D. Tenn. 2003); *see also In re Morris*, --- B.R.---, 2010 Wl 2302418 at * 2-3 (Bankr. W.D. Tenn. June 7, 2010). This type of action does not violate the discharge injunction under 11 U.S.C. § 524(a)(2), as Plaintiff is not seeking to hold the debtor personally liable. Because Plaintiff is entitled to maintain a cause of action against Jennings for the purpose of establishing liability to recover from Owners, Jennings is not a fraudulently joined party.

Owners also argues Jennings is a nominal or formal party and therefore his citizenship

4

should be disregarded. A formal or nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952). Jennings, although not personally liable for the debt, is more than a nominal or formal party in this action. His alleged faulty construction work is the central issue of the litigation and establishing his liability is necessary for Plaintiff to recover from Owners. The Court therefore cannot disregard Jennings's citizenship on these grounds.

The Court concludes Owners cannot establish Jennings was fraudulently joined nor is he purely a nominal or formal party. Based on the undisputed lack of complete diversity and absent any reason to disregard Jennings's citizenship, the Court must remand this action to state court for lack of subject-matter jurisdiction.

**IV.  CONCLUSION**

Accordingly, the Court will **GRANT** Plaintiff's motion to remand (Court File No. 6) and will **REMAND** this matter to the Chancery Court of Bradley County, Tennessee.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**